# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JERMILLE DEMOUN JOHNSON and MAGGIE DENISE JOHNSON | § § § § | PLAINTIFFS |
| v. | § § | Civ. No. 1:24-cv-106-HSO-BWR |
| CITY OF GULFPORT, MISSISSIPPI, et al. | § § § § | DEFENDANTS |

### ORDER DENYING DEFENDANT MANUEL SANTOS, DETECTIVE'S MOTION [17] TO QUASH AND DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 4 AND 12

Defendant Manuel Santos, Detective ("Officer Santos") filed this Motion [17] to Quash or Dismiss pursuant to Federal Rules of Civil Procedure 4 and 12, asserting that Plaintiffs failed to properly serve him with process. *See* Mem. [18]. Defendants Daniel Castillo, Officer ("Officer Castillo") and Ashten C. Cooley, Officer ("Officer Cooley") each filed a notice of joinder, joining Officer Santos in this Motion [17]. *See* Mot. [19], [20]. Because the Court finds that Plaintiffs properly served Officers Santos, Castillo, and Cooley, the Motion [17] to Quash and Dismiss, and the Joinders [19] [20] therein, will be denied.

## I. BACKGROUND

Plaintiffs, husband and wife, allege that several Gulfport police officers used excessive and unreasonable force against them while arresting their daughter (who is not party to this suit). *See* Compl. [1-1] at 3. Plaintiffs filed suit against the City of Gulfport and Officers Santos, Castillo, and Cooley of the Gulfport Police

Department, bringing claims for civil rights violations under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, as well as various state-law claims including assault and battery, negligence, recklessness, abuse of process, and false imprisonment. *See* Compl. [1-1]. A chronology of relevant events is helpful to resolving this Motion [17], so the Court will recount one here.

Plaintiffs initially filed their Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, on December 6, 2023. *See* Compl. [1-1]. The Complaint [1-1] listed as Defendants the City of Gulfport, Mississippi, Officer Santos, Officer Castillo, Officer Cooley, Officer Hudson (who has not joined this Motion [17]), and John Does 1-10. *See id.* at 1. The City of Gulfport and Officers Santos, Castillo, and Cooley are all represented by the same counsel.

On January 10, 2024, the Circuit Court of Harrison County, Mississippi issued summonses for Officers Santos, Castillo, and Cooley. *See* Docket [14], [15], and [16] (summonses and proofs of service for Officers Santos, Castillo, and Cooley).[1] The same court issued a summons for the City of Gulfport on March 4, 2024, and Plaintiffs personally served the City the same day. *See* Doc. [1-2] at 30-32.

On April 3, 2024, the City of Gulfport removed the case to this Court. *See* Notice [1]. At the time of removal, Plaintiffs had still not served Officers Santos,

---

[1] The Court notes that in its Notice of Removal [1], the City of Gulfport attached two sets of summonses issued by the Circuit Court of Harrison County for Officers Santos, Castillo, and Cooley. The first set of summonses was issued on December 6, 2023, *see* Doc. [1-2] at 19-26, and the second set was issued on January 10, 2024, *see id.* at 27-29. It appears that only the second set was served on the Officer Defendants. *See* Docket [14], [15], and [16] (summonses and proofs of service for Officers Santos, Castillo, and Cooley).

2

Castillo, or Cooley with the state-court summonses. On April 10, 2024, the City filed an Answer [2], and on April 11, it filed a Motion [3] to Dismiss under Rule 12(b)(6). Then, on April 24, Plaintiffs filed a Motion [5] in this Court seeking a 90-day extension of time to serve process on the Officer Defendants. In that Motion [5], Plaintiffs explained that

> [e]fforts to serve [the Officer Defendants] have been unsuccessful. Efforts to obtain a current address for each of these police officers from the City of Gulfport have been unsuccessful. It is reported that none of these officers are still employed by the Gulfport Police Department. The City of Gulfport has been less than forthcoming as to the current addresses of these Defendants. Counsel for the Plaintiffs are in the process of locating a current address for these former members of the Gulfport Police Department by using a skip trace company.

Mot. [5] at 1. This Court denied Plaintiffs' Motion [5] without prejudice because, at that time, Plaintiffs still had over a month to perfect service of process on the Officer Defendants. *See* Text Only Order entered May 15, 2024.

Between May 18 and 28, 2024, Plaintiffs personally served Officers Santos, Castillo, and Cooley with the state-court summonses and filed proofs of service with this Court on June 6, 2024. *See* Docket [14], [15], and [16] (summonses and proofs of service for Officers Santos, Castillo, and Cooley). Four days later, Defendant Santos filed the instant Motion [17] to Quash and Dismiss, in which Officers Castillo and Cooley have joined. *See* Mot. [17], [19], [20].

Officer Santos asserts that "[t]he only service attempted on [him] while this matter has been pending in Federal Court occurred on May 18, 2024, and which involved a purported 'summons' issued by the State Court." Mem. [18] at 2. That service was defective, he argues, because "[i]n accordance with 28 U.S.C. § 1446,

3

such a 'summons' is ineffectual in Federal Court." *Id.* (citing *Alexander Techs., Inc. v. Int'l Frontier Forwarders, Inc.*, No. H-05-2598, 2006 WL 3694517, at *1 (S.D. Tex. Dec. 14, 2006)). In other words, Defendants appear to argue that the process they received was defective solely because the summons was obtained from the state court and was served after removal; they assert no other basis for finding either the process or its service ineffective. *See id.* For that reason, Defendants ask the Court to quash service under Rule 4 and to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). *See id.* at 2. Plaintiffs have not filed a response to the Motion [17], and the time for doing so has passed.

## II. DISCUSSION

Defendants seek dismissal of Plaintiffs' claims against them under both Rule 12(b)(4) and Rule 12(b)(5). *See* Mem. [18] at 2. "'An objection under Rule 12(b)(4) concerns the form of the process' and 'is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.'" *Johnson v. Crosby Elementary School*, No. 3:23-cv-2010, 2024 WL 3641752, at *7 (N.D. Tex. Aug. 2, 2024) (quoting *Shivers v. Akima Intra-Data*, No. 2:07-cv-55-KS-MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008)). On the other hand, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Shivers*, 2008 WL 3992669 at *3.

Although motions under Rule 12(b)(4) and 12(b)(5) are distinct, in this case Defendants advance a single argument for dismissal under both Rules—that Plaintiffs improperly served Defendants with state-court summonses after the case

4

had been removed to federal court. *See* Mem. [18] at 2. Therefore, the question this Court must decide is whether the process served on the Officer Defendants was defective by virtue of the fact that it was issued by a state court and served post-removal.

As a threshold matter, the Court notes that the Fifth Circuit has explicitly acknowledged a split of authority within this Circuit on this question, but it has not yet resolved it. *See Carr v. City of Spring Valley Village*, No 19-20373, 2022 WL 1553539, at *2 (5th Cir. May 17, 2022). After careful review of the record, persuasive authority, and the governing statute, 28 U.S.C. § 1448, the Court is of the view that, in this case, service was proper.

Service of process after removal is governed by 28 U.S.C. § 1448 which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Federal district courts within this Circuit, and in others, are split on whether the text of the statute permits service of a state-issued summons post-removal. *Compare Alexander Techs., Inc.*, 2006 WL 3694517 at *1 (service of state court citation insufficient after removal), *with Minter v. Showcase Sys., Inc.*, 641 F. Supp. 2d 597, 599-602 (S.D. Miss. 2009) (collecting cases on either side of the issue and concluding that "completion of state service of process following removal" is "proper service of process pursuant to 28 U.S.C. § 1448"); *see also Johnson*, 2024 WL

5

3641752 at *8 (acknowledging the split in authority but deciding only on the narrower ground that post-removal service of a state-court summons is improper where the state-court summons is obtained *after* the case has been removed to federal court).  The Court finds more persuasive those cases interpreting the statute as permitting service of a pre-removal state-issued, but unserved, summons after removal to federal court.

For example, in *Listle v. Milwaukee County*, a case decided on similar facts, plaintiffs filed suit against both Milwaukee County and the Milwaukee County Pension Board.  *Listle*, 926 F. Supp. at 827 (E.D. Wis. 1996).  Prior to removal, the plaintiffs had perfected service on the County, but had been unsuccessful in their attempts to serve the Board.  *See id.*  Then, after removal, plaintiffs served the Board with a state-court summons and complaint.  *See id.*  The Board moved to dismiss under Rules 12(b)(4) and 12(b)(5), but the plaintiffs countered that the service "represented a *completion* of service on the Board which could then be made in accordance with state law under 28 U.S.C. § 1448."  *Id.*  After evaluating the statutory text, the district court explained that

> The Board's interpretation of 28 U.S.C. § 1448 invites the court to hold that 28 U.S.C. § 1448 requires a plaintiff who has not perfected service prior to removal to issue new process in accordance with Rule 4, Federal Rules of Civil Procedure. The problem I have with this interpretation of 28 U.S.C. § 1448 is that it gives no meaning to the phrase of the statute allowing 'completion' of unperfected or defective process or service. The fact that the statute contemplates completion of service [of] process begun prior to removal conflicts with the Board's assertion that all service or process which is not perfected as of removal must be issued anew pursuant to Rule 4, Federal Rules of Civil Procedure.
> . . .
> I also reject the Board's argument as applied in the instant case because it improperly elevates form over substance. I believe that the Board was

> fully informed by the service made by the plaintiffs. The Board received actual notice of the complaint by the personal service on Mr. Amerell and of the removal as the Board and the County, which removed the action to federal court, are represented by the same counsel.

*Id.* at 827-28.

And in *Minter v. Showcase Systems, Inc.*, Judge Lee, facing similar facts, analyzed 28 U.S.C. § 1448 and explained that

> [T]he statute states that in all removed cases in which any one or more of the defendants has not been served with process, "*such process or service*," which can only be referring to process issued by the state court, "may be *completed* or new process issued," thus clearly providing two alternatives. If in all cases in which a defendant was not served prior to removal, service could only be validly accomplished post-removal by having "new process issued" by the federal court, then the phrase "may be completed" would be meaningless. The court rejects such an interpretation. The court thus concludes that the completion of state service of process upon [the defendant] following removal to this court was proper service pursuant to 28 U.S.C. § 1448.

641 F. Supp. 2d at 601 (emphasis in original).  The Court agrees with this interpretation of § 1448, and finds that on the facts of this case, the statute permitted use of a pre-removal state-issued summons for completion of service after removal to this Court.

The propriety of this interpretation is evident from the particular facts of this case.  As the Court has pointed out, Defendant City of Gulfport (who removed the case to this Court) is represented by the same counsel as the Officer Defendants. Therefore, the Officer Defendants received actual notice of the Complaint [1-1] through personal service within 90 days of the notice of removal, and they are also deemed to have received notice of the removal to this Court because their attorney filed it.  *See* Notice of Removal [1].  And Defendants' counsel was on notice that

7

Plaintiffs were attempting to locate and serve the Officer Defendants, as evidenced by the state summonses attached to the Notice of Removal [1] and Plaintiffs' request for additional time to serve process. *See* Doc. [1-2] at 27-29; Mot. [5]. Under these facts, to dismiss the case because Defendants were served a state-issued summons post-removal would be to improperly elevate form over substance. *See Listle*, 926 F. Supp. at 827-28; *Minter*, 641 F. Supp. 2d at 601. Rather, the Court is of the view that Plaintiffs complied with the text of 28 U.S.C. § 1448, and that the Officer Defendants were properly served. The current Motion [17] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Manuel Santos, Detective's Motion [17] to Quash or Dismiss pursuant to Federal Rules of Civil Procedure 4 and 12, and the Joinders [19] [20] therein, are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th day of March, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE