IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERMILLE DEMOUN JOHNSON AND
MAGGIE DENISE JOHNSON                                                                PLAINTIFFS

VERSUS                                    CIVIL ACTION NO.: 1:24CV00106-HSO-BWR

CITY OF GULFPORT, MISSISSIPPI
DETECTIVE MANUEL SANTOS, OFFICER
HUDSON, OFFICER DANIEL CASTILLO
OFFICER ASHTEN C. COOLEY, AND
JOHN DOES 1-10                                                                         DEFENDANTS

**MOTION OF DETECTIVE MANUEL SANTOS,
OFFICER DANIEL CASTILLO, AND OFFICER ASHTEN COOLEY
TO ASSERT QUALIFIED IMMUNITY AND FOR SUMMARY
JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

COME NOW Detective Manuel Santos, Officer Daniel Castillo, and Officer Ashten Cooley ("Defendants"), each of whom has been identified as a Defendant in the above styled cause, by and through their attorneys, and herein file this their "Motion to Assert Qualified Immunity and for Summary Judgment Pursuant to FED. R. CIV. P. 56," and in support of same would show as follows, to-wit[1]:

I.

Plaintiffs, Jermille Johnson and Maggie Johnson ("Plaintiffs") filed their Complaint to initiate this proceeding on December 6, 2023, with the Circuit Court of Harrison County, First Judicial District, Mississippi. Identified as Defendants therein were the City of Gulfport, Mississippi, Detective Manuel Santos, Officer Daniel Castillo and Officer Ashten Cooley and

---

[1] The movants herein adopt and incorporate all arguments, contentions, and authorities asserted in their accompanying Memorandum of Authorities in support of this Motion.

"John Does 1-10." The Complaint asserted federal law claims against all of the Defendants for purported violations of the "Fourth" and "Fourteenth" Amendments to the United States Constitution for "use of excessive force" and "unreasonable seizure" pursuant to 42 U.S.C. § 1983. See Exhibit "A,"[2] at pp. 4-8. It further brought state tort claims for "assault and battery," "negligence and recklessness," "abuse of process," and "false imprisonment."[3] See Id., at pp. 8-11.

II.

The subject incident occurred on June 15, 2022. See id., at p. 3. According to the Complaint, Plaintiff, Maggie Johnson's daughter, Norma Barnes, was on felony probation. It is alleged that on that date, Plaintiff, Maggie Johnson ("Maggie") went with her daughter ("Barnes") to a Mississippi Department of Corrections ("MDOC") probation office located in Gulfport. Barnes, however, fled from the MDOC probation office and the MDOC contacted law enforcement (the Gulfport Police Department) to report Barnes had escaped MDOC custody. See Exhibit "G." Law enforcement were told that Barnes resided on Florida Avenue in Gulfport, to where she may have fled. Several law enforcement officers from the Gulfport Police Department (including Detective Santos and Officer Cooley) ultimately arrived near the address of 8291 Florida Avenue in Gulfport and were met with unknown individuals, one of whom was a

---

[2] Unless otherwise specifically noted, references to Exhibits herein and in any memoranda submitted in support hereof refer to those attached to the instant Motion.

[3] The City of Gulfport previously filed a Motion to Dismiss [Doc. 3] that sought dismissal of Plaintiffs' claims against it, to include the § 1983 claims and all of the state law tort claims, the latter on the primary basis that the statute of limitations to assert these had expired and the same were time-barred. The Court subsequently issued an Order [Doc. 24] (on March 14, 2025) affording the Plaintiffs the opportunity to amend their Complaint in order to attempt to avoid dismissal of their claims against the City. However, the Plaintiffs did not take advantage of this opportunity.

black female who quickly ran to a nearby white colored structure and the other of which was a fairly large African-American male who came out to confront Officers as the Officers attempted to give chase to the unknown female into the white colored structure.  Plaintiff, Jermille Johnson ("Jermille") was ultimately arrested at the scene and charged with various misdemeanors (impeding / obstructing the duties of a law enforcement officer and resisting / obstructing arrest), both of which arose out of his efforts to prevent law enforcement officers from pursuing and furthering their police duties related to the apprehension of the fugitive (Barnes).  Plaintiffs allege that Maggie was temporarily "handcuffed" on scene of this incident and the claims asserted by her ostensibly arise out of such temporary detention.  It is not all apparent what the basis for any claims asserted on behalf of Jermille may be.

III.

Plaintiffs' claim for violation of rights under the "Fourteenth Amendment" fails as there are no such actionable rights involved in this case.

IV.

Notwithstanding, a claim that "excessive" force was used during the course of a seizure, traffic stop, or arrest falls under the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 395 (1989).  With respect to the Fourth Amendment, Plaintiff cannot demonstrate the absence or inapplicability of the qualified immunity defense.  Specifically, there is nothing to show that the Defendant Officers violated a clearly established constitutional right and that the Officers' conduct was objectively unreasonable under established law.  Moreover, and based on the totality of the circumstances at the incident scene, any alleged seizure of Plaintiffs was reasonable and any force used was not clearly excessive to the need, nor was it objectively unreasonable.  See Wicker v. City of Galveston, 944 F.Supp. 553, 558 (S.D.Tex. 1996).

V.

Accordingly, the Defendant Officers are entitled to Qualified Immunity and this suit must be dismissed with prejudice.

VI.

In support of their Motion and for convenience of the Court, the Defendant Officers have herein attached the following as Exhibits:

EXHIBIT "A":   Plaintiffs' "Complaint" filed with the Circuit Court of Harrison County, First Judicial District, Mississippi on December 6, 2023, (Civil Action No.: A2401-23-478);

EXHIBIT "B":   Probation Order signed by Jackson County Circuit Court Judge Kathy King Jackson on May 20, 2019, in Cause No. 2015-10,487 pending in the Circuit Court of Jackson County, Mississippi and involving Norma Jean Barnes;

EXHIBIT "C":   Affidavits of Gulfport Police Officer Ashten Cooley with respect to two (2) misdemeanor charges against Jermille Johnson arising out of incidents occurring on June 15, 2022, and signed by Officer Cooley on June 15, 2022;

EXHIBIT "D":   Affidavit of Gulfport Police Officer Daniel Castillo signed on May 5, 2025;

EXHIBIT "E":   Affidavit of Gulfport Police Officer Ashten Cooley signed on May 5, 2025, with attached Exhibit "1";

EXHIBIT "F":   Affidavit of Gulfport Detective Manuel Santos signed on May 5, 2025; and

EXHIBIT "G":   Affidavit of Alyssa Taylor with attached Exhibit "1."

WHEREFORE, Detective Manuel Santos, Officer Daniel Castillo, and Officer Ashten Cooley, the Defendants, respectfully request that this Honorable Court issue an Order fully granting their "Motion to Assert Qualified Immunity and for Summary Judgment Pursuant to FED. R. CIV. P. 56" and dismissing this cause against them with prejudice as well as granting the

4

movants herein with all other relief, equitable or otherwise, to which they may be entitled.

  RESPECTFULLY SUBMITTED, this the 5th day of May, 2025.

           DETECTIVE MANUEL SANTOS, OFFICER
           DANIEL CASTILLO, AND OFFICER ASHTEN
           COOLEY, Defendants


          By: s/ *Jeffrey S. Bruni, Esq.*             .
            JEFFREY S. BRUNI, ESQ.
            Attorney for Movants
            MS Bar License No. 9573


JEFFREY S. BRUNI, ESQ.
ATTORNEY-AT-LAW
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI  39502
TELEPHONE:  (228) 868-5811
FACSIMILE:  (228) 868-5795

## *CERTIFICATE OF SERVICE*

  I, Jeffrey S. Bruni, Attorney for the Movants, do hereby certify that on this date I electronically had filed the above and foregoing Motion with attached exhibits with the Clerk of the Court using the ECF system, which should send notification of such filing to all counsel of record, including, without limitation, Michael W. Crosby, Esq., 2111 25th Avenue, Gulfport, Mississippi 39501; and to any other attorney who is counsel of record for any party in this proceeding to date and to any party who has entered an appearance in this matter.

  This the   5th   day of May, 2025.

              s/ *Jeffrey S. Bruni*                .
              JEFFREY S. BRUNI

JEFFREY S. BRUNI, ESQ.
ATTORNEY-AT-LAW
POST OFFICE BOX 1780
GULFPORT, MISSISSIPPI  39502
TELEPHONE:  (228) 868-5811
FACSIMILE:  (228) 868-5795