## IN THE CIRCUIT COURT OF HARRISON COUNTY MISSISSIPPI
## FIRST JUDICIAL DISTRICT

JERMILLE DEMOUN JOHNSON AND           PLAINTIFFS
MAGGIE DENISE JOHNSON

VS.                                       CIVIL ACTION NO. A2401-23-4798

CITY OF GULFPORT, MISSISSIPPI          DEFENDANTS
DETECTIVE MANUEL SANTOS, OFFICER
HUDSON, OFFICER DANIEL CASTILLO,
OFFICER ASHTEN C. COOLEY AND JOHN
DOES 1-10



FILED DEC 06 2023

### COMPLAINT

COMES NOW Plaintiffs Jermille Demoun Johnson and Maggie Denise Johnson and files this Complaint and in support thereof would show unto the Court the following:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law, specifically under provisions of the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343.

2. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked under 28 U.S.C. §§ 1331 and 1343.

3. The claims made in this Complaint occurred and arose in the State of Mississippi, this District, and the Southern Division. Venue, therefore, lies in this Court under 28 U.S.C. § 1391.

### THE PARTIES

4. Plaintiff Jermille Demoun Johnson is an adult resident citizen of Harrison County, Mississippi. Plaintiff Maggie Denise Johnson is an adult resident citizen of Harrison County, Mississippi.

**Exhibit "A"**

5. The City of Gulfport, Mississippi is a governmental entity of the State of Mississippi. This Defendant may be served through service upon Ms. Rashida Bell, City Clerk of the City of Gulfport, Mississippi, 2305 15th Street, Gulfport, Mississippi 39501.

6. Detective Manuel Santos is an adult resident citizen of Harrison County, Mississippi who may be served with process at 2810 34th Ave., Gulfport, Mississippi 39501 where he may be found.

7. Officer Hudson is an adult resident citizen of Harrison County, Mississippi who may be served with process at 2810 34th Ave., Gulfport, Mississippi 39501 where he may be found.

8. Officer Daniel Castillo is an adult resident citizen of Harrison County, Mississippi who may be served with process at 2810 34th Ave., Gulfport, Mississippi 39501 where he may be found.

9. Officer Ashten C. Cooley is an adult resident citizen of Harrison County, Mississippi who may be served with process at 2810 34th Ave., Gulfport, Mississippi 39501 where he may be found.

10. John Does 1-10 are currently unknown individuals, persons, or entities who may be liable for all or part of the acts or omissions committed resulting in the subject incident which involved and resulted in the violations set forth herein and injuries sustained by the Plaintiffs and from whom the Plaintiffs may seek recovery.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1983 as it arises under the Constitution, laws, or treaties of the United States. In addition, this Court has jurisdiction to adjudicate the state law claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs. This Court has jurisdiction over the parties and subject matter of this suit.

12. Venue in this Court is proper pursuant to 28 U.S.C. 1391 inasmuch as a substantial part of the harm sustained by the Plaintiffs occurred in this judicial district and division.

## STATEMENT OF FACTS

13. On June 15, 2022, Plaintiff Maggie Johnson went to the offices of MDOC Probation Office in Gulfport, Mississippi. The Plaintiff was accompanied by her adult daughter Norma Barnes. Her daughter ran from the car to avoid being questioned by Agent Diamond Johnson with MDOC. Ms. Johnson advised the agent that she would find her daughter and turn her over to the authorities. Ms. Johnson provided the MDOC agent with her address and a description of the vehicle she was driving. Ms. Johnson located her daughter and took her to their home located at 8291 Florida Ave, Gulfport, Mississippi to wait for the authorities. Initially a black Gulfport police officer arrived in an unmarked truck. Mr. Johnson exited the dwelling walking behind Maggie and had already told the black officer that the lady he saw was Maggie and not Norma. Other Gulfport officers including Detective Santos, Officer Hudson, Officer Castillo, and Officer Cooley arrived at the Johnson house. They yelled for Mr. Johnson to stop which he did. Mr. Johnson attempted to explain to the officers what was happening but they arrested him. At the time of his arrest, Mr. Buchanan had not broken any laws of the City of Gulfport, the State of Mississippi, or of the United States. During the arrest law enforcement personnel inflected unnecessary bodily harm upon him through the use of excessive and unreasonable force for no apparent reason. Mr. Johnson's cell phone containing video of the incident was placed on the top of the patrol car. Enroute to the police department, the cell phone slid off the roof of the car onto the street and was not recovered.

14. On the same occasion, Maggie Johnson attempted to record the arrest of her husband, Jermille using her cell phone. Without provocation or excuse or justification, Det. Santos slapped

her cell phone from her hands and threw her against a car. She was placed in handcuffs. At the time Ms. Johnson had not broken any laws of the City of Gulfport, the State of Mississippi, or of the United States. Eventually Maggie's handcuffs were removed and she was allowed to go.

15. At the time of the subject incident, no reasonable law enforcement officer would have believed that these actions were lawful.

## COUNT 1
## VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.§ 1983

16. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

17. In committing the acts complained if herein, Defendants acted under color of state law to deprive the Plaintiffs of certain constitutionally protected rights under the Fourteenth Amendment to the U.S. Constitution, including but not limited to a Fourteenth Amendment due process right to be protected from violence at the hands of law enforcement.

18. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law. The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

19. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

20. The conduct of Defendants was deliberate, willful, malicious, oppressive and was of such a nature that punitive damages and attorney fees should be imposed in an amount commensurate with the wrongful acts alleged herein.

21. The act(s) and Omission(s) of these Defendants give rise to the claims asserted herein by the Plaintiffs.

22. The Defendant's actions violated Plaintiff's right to be free from state-occasioned damage protected by the United States Constitution Fourth and Fourteenth Amendment guarantees of due process, equal protection and to be free from unlawful seizure. It is well settled that if law enforcement officers use excessive force in making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated.

23. At all times material to this action, Defendant Officers had a duty under the Fourth Amendment to the Constitution of the United States to refrain from the use of excessive force in taking Plaintiff into custody.

24. As described above, each Defendant Officer, acting under color of state law, within the course and scope of his or her employment with Gulfport, Mississippi, either intentionally, or with reckless disregard, breached that duty, using excessive force upon the Plaintiff, an unconstitutional unreasonable seizure of his person, causing him bodily harm, including, but not limited to pain, suffering, aggravation of back and neck injuries, headaches, and medical bills.

25. Defendant Gulfport, Mississippi failed to adequately train Defendant Officers in proper arrest procedures so as to ensure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force.

26. Defendant Gulfport, Mississippi failed to adequately supervise Defendant Officers in order to ensure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

27. As a direct and proximate result of one or more of the said wrongful acts or omissions of Defendants, Plaintiff suffered severe and injury to his person, including, but not limited to pain and suffering, mental anguish, humiliation, aggravation of neck and back injuries, headaches, and other injuries and damages which shall be proven at trial

## COUNT 2
## **VIOLATION OF FOURTEENTH AMENDMENT GUARANTEE OF DUE PROCESS**

28. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

29. The right to be free from state-occasioned damage to a person's body is protected by the Fourteenth Amendment's due process guarantees.

30. At all times material to this action, Defendant Officers had a duty under the Fourteenth Amendment to the United States Constitution to refrain from the use of excessive force in taking Plaintiff into custody.

31. Also, once in custody, one's right to be free from unlawful assault by a law enforcement officer is a definite and specific due process right which is protected by the Fourteenth Amendment to the United States Constitution.

32. Despite the fact that Plaintiff never posed any threat to any officer, he was hand-cuffed and punched and hit by the officers, all while Plaintiff was defenseless making no physical or verbal threats towards the officers whatsoever.

33. Defendants officers violated Plaintiff's constitutionally protected due process rights when they used excessive force during and following the arrest of the Plaintiff.

34. Defendant Gulfport, Mississippi failed to adequately train Defendant Officers in proper arrest procedures so as to ensure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force under the Fourteenth Amendment to the Constitution of the United States, and failed to adequately supervise Defendant Officers in order to ensure that Defendant Officers did not violate the rights of a citizen by using excessive force when apprehending citizens.

35. As a direct and proximate result of one or more of the said wrongful acts or omissions

to act of Defendants, Plaintiff suffered severe injury to his person, including but not limited to pain and suffering, mental anguish, humiliation, aggravation of neck and back injury, and medical bills and other injuries and damages which shall be proven at trial.

## COUNT 3
## MONETARY CLAIM AGAINST CITY OF GULFPORT, MISSISSIPPI

36. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

37. Defendant Gulfport, Mississippi is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains and controls the Gulfport Mississippi Police Department as one of its executive branches or departments.

38. Defendant Gulfport, Mississippi has established policies and procedures for its Police Department regarding the use of force in apprehending and detaining suspects.

39. In establishing these procedures, Defendant Gulfport, Mississippi had a duty under the Fourth and Fourteenth Amendments to the United States Constitution to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that suspects or detainees would be subjected to the use of excessive force by Gulfport, Mississippi police officers.

40. Notwithstanding its duties, Defendant Gulfport, Mississippi was and remains guilty of one or more of the following wrongful acts or omissions to act, in violation of the Plaintiffs' Constitutional rights, in that it, with deliberate indifference to the Plaintiffs:

A. Allowed customs, policies and procedures to continue in force and effect which resulted in the use of excessive force against Plaintiffs,

B. Had a custom and practice of failing to independently and adequately investigate complaints of excessive force, which resulted in the use of excessive force against the Plaintiffs,

C. Had a custom and practice of failing to effectively discipline, train, or retrain officers

who wrongfully utilized excessive force; which resulted in the use of excessive force against the Plaintiffs,

D. Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in apprehending and detaining suspects; which resulted in the use of excessive force against the Plaintiff,

E. Failed to establish appropriate policies and procedures to address and correct the repeated false arrest, abuse of process, and malicious prosecution of its citizens who become involved ininteractions with the police; which resulted in damages to the Plaintiffs as stated herein,

F. Engaged in and allowed to continue custom and practices resulting in false arrest, abuse of process, and malicious prosecution of its citizens who become involved in interactions with the police; which resulted in the harm and damages to the Plaintiff as stated herein, all the while, being on notice that its afore stated actions and inactions were likely to result in Constitutional violations against its citizens.

## COUNT 4
## STATE LAW CLAIMS OF ASSAULT AND BATTERY

41. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety. Plaintiffs have complied with the Notice Provisions of the Mississippi Tort Claims Act concerning Plaintiffs' state law claims.

42. Defendant officers had a duty to refrain from causing injury to the Plaintiff through willful misconduct. Without sufficient reason therefore, each Defendant officers willfully and intentionally, and/or, as an accomplice and in concert with the other Defendants acting intentionally and wrongfully, engaged in unlawfully placing Plaintiffs in fear of offensive bodily contact, by unreasonably screaming threats and did engage in and cause offensive bodily contact with the person of the Plaintiff, striking him repeatedly in the neck, back and body, while he was

restrained constituting assault and battery upon the Plaintiff; causing the Plaintiff physical, emotional, and economic injury and damages as described elsewhere herein.

43. Said acts, assault and battery by Defendant Officers upon the Plaintiff, were done with intent to cause grave bodily injury to Plaintiff, and without cause or provocation, and renders such Defendants civilly liable to Plaintiff.

44. As a direct and proximate result of Defendant Officers' acts as described herein, Plaintiff suffered great physical, emotional, and economic harm and damage as described herein and to be proven at trial.

## COUNT 5
## NEGLIGENCE and RECKLESSNESS

45. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

46. Defendant officers had a duty to exercise reasonable care towards the Plaintiff, to only arrest or attempt to arrest Plaintiffs upon probable cause therefore; and if such probable cause existed, to then only use that force which was reasonably necessary under the circumstances.

47. Defendant officers had a duty to refrain from causing injury to the Plaintiffs through negligence, gross negligence or reckless conduct.

48. Defendant Gulfport, Mississippi had a duty to hire and retain only those officers who were not a direct threat to the safety and well-being of its citizens.

49. Defendant Gulfport, Mississippi had a duty to adequately train and supervise Defendant Officers in proper arrest procedures so as to ensure that Defendant Officers did not violate the rights of a citizen to be free from the excessive use of force.

50. Defendants herein, by negligence, gross negligence, or recklessness, breached each and every one of the aforementioned duties resulting in and being the proximate cause of personal

injury suffered by the Plaintiffs as described elsewhere herein.

51. Moreover, Defendant Gulfport, Mississippi failed to perform and adhere to its statutory duty to enforce laws of the State of Mississippi and/or rules and/or policies of the Gulfport Police Department and/or the State of Mississippi minimum standards, designed to protect and benefit persons within the municipality. Such failure to perform the statutory duties, rules, regulations and policies imposed upon law enforcement agencies has caused harm to the Plaintiffs, as described herein.

52. Plaintiffs also plead vicarious liability under the doctrine of respondent superior.

53. Moreover, and alternatively, a special relationship existed between the Defendant Gulfport, Mississippi and the Plaintiff, in that the Defendant held the Plaintiff in custody, thereby owing the Plaintiff the duty to treat him humanely, and reasonably, and not with excessive force, and a duty to take affirmative actions to protect its citizens from a known or likely peril, all of which the Defendants breached by using excessive force against him, and by failing to provide for the safety and protection of the Plaintiff while Defendant Officers assaulted him.

## COUNT 6
## ABUSE OF PROCESS

54. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

55. Moreover, Defendants Gulfport, Mississippi and Defendant Officers by prosecuting the Plaintiff with false charges, have made and continue to make an illegal and improper perverted use of the criminal process, a use neither warranted nor authorized by such process or law; each such defendant having an ulterior motive or purpose in exercising such illegal, perverted or improper use of process, resulting in damage to the Plaintiff, including, but not limited to: the loss of his liberty; bail bond fees; criminal defense attorney's fees and emotional distress, and

humiliation.

## COUNT 7
## FALSE IMPRISONMENT

56. Plaintiffs realleges and incorporates herein the foregoing allegations of this Complaint as if set forth in their entirety.

57. Plaintiffs had and have a right to be free from restraint of movement.

58. On June 15, 2022 at the Plaintiffs' residence located at 8291 Florida Ave., Gulfport, Mississippi Plaintiff was, by the reckless or intentional, malicious misconduct of the Defendant officers involved in his arrest, unlawfully detained, against the will of the Plaintiff.  Plaintiff was then and there maliciously arrested and imprisoned by the named Defendant officers without legal process.

59. Such false imprisonment of the Plaintiff caused the Plaintiff emotional distress, psychological harm and mental anguish.

## DAMAGES

60. The Defendants are liable to the Plaintiffs, jointly and severally, for all wrongful acts which harmed and caused damage.

61. Based on these facts and circumstances, and as a direct result of said acts and omissions, the Plaintiffs have suffered damage to their reputation; physical pain and suffering; past, present, and future emotional distress; and other losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests a jury trial and that a judgment be entered against Defendants as follows:

1. Compensatory damages of at least $75,000.00 or such other amount supported by the evidence at trial;

2. Attorney fees under 42 U.S.C. § 1988;

3. Taxable costs of suit;

4. Post-judgment interest at the legal rate and any other further relief as the Court deems just and appropriate.

Respectfully submitted, this the **30** day of November, 2023.

                                               MICHAEL W. CROSBY
                                             COUNSEL FOR PLAINTIFFS

MICHAEL W. CROSBY (MSB #07888)
2111 25th Avenue
Gulfport, MS 39501
Tel: (228) 865-0313
Fax: (228) 865-0337
Email: michaelwcrosby@bellsouth.net