IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERMILLE DEMOUN JOHNSON AND
MAGGIE DENISE JOHNSON                                                                       PLAINTIFFS

VERSUS                                          CIVIL ACTION NO.: 1:24CV00106-HSO-BWR

CITY OF GULFPORT, MISSISSIPPI
DETECTIVE MANUEL SANTOS, OFFICER
HUDSON, OFFICER DANIEL CASTILLO
OFFICER ASHTEN C. COOLEY, AND
JOHN DOES 1-10                                                                              DEFENDANTS

STATE OF MISSISSIPPI

COUNTY OF HARRISON

### AFFIDAVIT OF MANUEL SANTOS

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid on this the 5th day of May, 2025, MANUEL SANTOS, who, after being duly sworn, deposes and says on oath the following, to-wit:

1. I am an adult resident citizen of Harrison County, Mississippi, have never been convicted of a felony, and have personal knowledge of the matters and information contained in this Affidavit.

2. I have been accredited as a Law Enforcement Officer by the State of Mississippi Department of Public Safety and the State of Mississippi's Board on Law Enforcement Officer Standards and Training since 2016.

1

**Exhibit "F"**

3. I have continually served as a sworn Law Enforcement Officer with the Gulfport Police Department from 2016 through the date of this Affidavit. From 2016 to 2019, I was a Patrol Officer and was a Detective from August 2019 to November of 2024. I currently am a Sergeant in the Patrol Division and have been since 2024.

4. Some time around 8:00 a.m. on June 15, 2022, and while I was on duty in my capacity as a Police Detective, an emergency radio communication was sent out to Gulfport police personnel from our police dispatch that a black female identified as "Norma Jean Barnes" had escaped from custody of the Mississippi Department of Corrections from the MDOC facility at 2600 24th Avenue in Gulfport. It was also reported that the escapee may have been with her mother in a grey colored SUV with tinted windows and that her mother resided at 8291 Florida Avenue in Gulfport. Our law enforcement personnel was dispatched to assist in capturing this fugitive.

5. In response, I drove my police vehicle to this Florida Avenue address and observed a vehicle matching the given description in the driveway to this address. I also observed where other Gulfport police vehicles were parked in or around this address.

6. I exited my vehicle and observed a black female swiftly move from the front porch area of a residence at the 8291 Florida Avenue address toward a side doorway on a separate large white colored structure located next door.

7. Based upon the information I had received, as well as my experience, it appeared that the black female that I was observing was the fleeing fugitive, as the person was running away from law enforcement and our presence and because of the fact that several of our police vehicles parked in the street at this address were clearly marked as "Gulfport Police" in large letters on the exteriors of our vehicles.

8. I gave several loud verbal commands to the black female to stop, but she did not.

9. Around the same time that this black female was quickly moving toward the white colored building, a large African-American male, who appeared to be taller and larger build than me, also began to move toward this white structure from the front porch area of the next door residence.

10. As I attempted to make my way toward this white structure, the large male came to the path I was taking toward this structure and it appeared to me, based on his demeanor and his positioning, that he was attempting to interfere with the ability of me and other Officers to enter the white structure. I ordered him to move and to back up, but he refused to comply. He became loud and argumentative, while still positioning himself so that we could not go through parked vehicles to the side doorway to follow the black female inside the white structure. I did not know the identity of this male individual nor his involvement with the escapee.

11. Based on observations and experience, it appeared that this male individual was attempting to interfere with law enforcement's ability to apprehend the female fugitive. At the time, I did not have any information on what dangers to law enforcement may lie within the white colored structure. I did hear yelling and screaming coming from within the structure as I was encountering the male individual at the parked vehicles on the outside of this structure.

12. In an attempt to effect the arrest of this male individual for impeding or interfering with the duties of law enforcement at this scene, I assisted Officer Ashten Cooley to take this individual into custody for such criminal offenses. However, despite several loud commands for him to place his hands behind his back, he refused and physically resisted efforts by me and other Officers to forcibly position his hands behind his back. Ultimately, we all were

3

able to do this and we utilized two (2) handcuffs to secure him and other Officers attempted to walk him to a police vehicle to transport to the Gulfport police station for booking.

13.     There was a unknown black female who was within feet of where I was located while Officers were physically struggling to effect this male suspect's arrest. At the time, my attention was focused on these struggles and effecting this arrest, but I was also concerned with the safety of those Officers who had entered the white colored structure, where I reasonably believed the fugitive to have fled. This unknown black female was verbally assaultive toward Officers while Officers were attempting to arrest the male suspect and while law enforcement was still attempting to locate and apprehend the fleeing fugitive inside the nearby structure.

14. For purposes of what I believed to be Officer safety under the circumstances of this rapidly evolving scene, and the unknowns of what was transpiring within the structure at the time, as well as the need to further determine this individual's involvement in the fugitive's flight from MDOC, I elected to grab control of the unknown female and placed her into temporary detention with her hands handcuffed behind her back for a limited period of time. Depending upon circumstances, someone aiding and abetting another person's flight from MDOC custody would be a crime. After this occurred, the female began to provide background information involving the fugitive's earlier flight from the MDOC facility. It was through this investigation that I determined that this female, later identified as Maggie Johnson, had not knowingly engaged in aiding and abetting the escapee's flight. And this, also with the fact that the entire incident scene had calmed down with the escapee being located and arrested and the male suspect being arrested and both being removed from the scene, that I determined that there was no longer any need to temporarily detain this female due to Officer safety or for investigatory purposes. I therefore removed the handcuffs from her wrists. She had remained handcuffed for

4

less than about five (5) minutes.  At no point did I use any force on her or come into any other physical contact with her.

                                                        MANUEL SANTOS
                                                      Affiant

GIVEN UNDER MY HAND and official seal, this the ___5th___ day of May, 2025.

                                                      NOTARY PUBLIC

My Commission Expires:



_____